IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00074-MR
[CRIMINAL CASE NO. 1:04-cr-00092-MR-1]

| | |
|---|---|
| JEREMY LUJAN AIKEN,         )<br>                             )<br>       Petitioner,          )<br>                             )<br>  vs.                        )<br>                             )<br> UNITED STATES OF AMERICA,   )<br>                             )<br>       Respondent.           )<br>                             ) | **O R D E R** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

**I.    BACKGROUND**

On October 4, 2004, Petitioner was charged in a Bill of Indictment with one count of possession of more than 50 grams of cocaine base with intent to distribute and aiding abetting another in the distribution, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 1); one count of possession of more than 5 grams of cocaine base with intent to distribute, in violation of § 841(a)(1) (Count 2); and two separate counts of possession of a firearm

by a felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 3 and 4). [Criminal Case No. 1:04-cr-00092, Doc. 1: Indictment]. Shortly after the return of the indictment, the Government filed a notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851 based on a felony state drug conviction sustained in North Carolina in 1996. [Id., Doc. 16: 851 Information]. Petitioner soon entered into a written plea agreement with the Government and agreed to plead guilty to Counts 1 and 4 in exchange for the Government's agreement to dismiss Counts 2 and 3. In the agreement, Petitioner specifically agreed to waive his ability to appeal his sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id., Doc. 16: Plea Agreement]. Petitioner's plea of guilty was accepted after the Magistrate Judge conducted his Plea and Rule 11 hearing and determined that Petitioner understood the nature of the charges, the potential penalties he faced upon conviction, and the waivers he was agreeing to in his plea agreement. [Id., Doc. 21: Acceptance and Entry of Guilty Plea].

On June 13, 2005, Petitioner was sentenced to a term of 224 months' imprisonment on Count 1 and a concurrent term of 120 months' imprisonment on Count 4. [Id., Doc. 33: Judgment in a Criminal Case].

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner raised a claim of ineffective assistance of counsel and he challenged that his sentence was unreasonable. The Court declined to consider the first claim after finding that it was not cognizable on direct appeal on the record before the Court. The Government moved to dismiss the second claim citing the appeal waiver contained in Petitioner's plea agreement. The Court agreed and found that Petitioner's challenge to his sentence was within the scope of the waiver in the plea agreement and there was no evidence that Petitioner's decision to agree to the waiver was not knowing and voluntary. Accordingly, the Court enforced the waiver, dismissed Petitioner's claims and affirmed his judgment in all respects. See United States v. Aiken, 165 F. App'x 272 (4th Cir. 2006) (unpublished).

On October 19, 2007, Petitioner filed a Section 2255 motion to vacate which the Court dismissed with prejudice after finding that it was clearly untimely. [Civil Case No. 1:07-cv-00337-LHT, Doc. 2: Order of Dismissal]. The Fourth Circuit later dismissed Petitioner's appeal for failure to prosecute. United States v. Aiken, No. 08-6926 (4th Cir. filed Aug. 5, 2008) (unpublished).

On March 21, 2014, the Clerk docketed Petitioner's present § 2255 motion wherein he contends that he is entitled to sentencing relief based on the Supreme Court's opinion in Descamps v. United States, 133 S.Ct. 2276 (2013), and the Fourth Circuit's opinion in Miller v. United States, 735 F.3d 141 (4th Cir. 2013). Petitioner raises a challenge to his designation as a career offender and contends that his prior convictions no longer qualify him for the designation, nor the concomitant sentencing enhancement. [Doc. 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), as amended in 1996, provides, in relevant part that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has filed an unsuccessful § 2255 motion in this Court and he has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. In fact, the Fourth Circuit recently denied Petitioner's motion to file a successive § 2255 motion. In re: Jeremy Lujan Aiken, No. 13-449 (4th Cir. filed Dec. 4, 2013) (unpublished). [Criminal Case No. 1:04-cr-00092-MR, Doc. 101]. Based on the foregoing, the Court finds that it is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200, 205 (2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IV. CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge